**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**


VICTORIA WHITTINGTON, et al.,   )
                                )
                  Plaintiffs,   )
                                )
         v.                     )         No. 2:13-CV-16-DDN
                                )
MAEGEN BRIGHT, et al.,          )
                                )
                  Defendants.   )


## MEMORANDUM AND ORDER

This matter is before the Court upon review pursuant to 28 U.S.C. § 1915A.

For the reasons stated below, the Court will instruct plaintiffs to file an amended

complaint in accordance with the instructions set forth below.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed

in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief against a defendant who

is immune from such relief.  An action is frivolous if "it lacks an arguable basis either

in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992).

## The Complaint

Plaintiffs, inmates at the Women's Eastern Reception, Diagnostic and Correctional Center ("WERDCC"), seek monetary relief in this 42 U.S.C. § 1983 action against the Missouri Department of Corrections and Mark Isgrig (Correctional Officer at WERDCC). In addition, plaintiffs assert pendent state-law claims for assault and battery and negligent supervision. Plaintiffs' claims arise out of alleged "sexual and verbal abuse" at WERDCC during the period of March 1, 2011, through June 22, 2011.

The Court has reviewed the complaint under 28 U.S.C. § 1915(d) and believes that, although plaintiffs may be able to assert § 1983 claims based upon the denial of their Constitutional rights, they have failed at this time to state a claim upon which relief may be granted, because the complaint is silent as to whether they are suing

2

Mark Isgrig in his official and/or individual capacity.[1]  Moreover, the Court notes that a suit against the  Missouri Department of Corrections is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

The Court will grant plaintiffs time to file an amended complaint, setting forth the capacity (i.e., official and/or individual capacity) in which they are suing Mark Isgrig.  Should plaintiffs elect to name additional individual defendants, plaintiffs should also state the capacity in which the defendants are being sued.  Moreover, because the Court is allowing plaintiffs to amend the complaint, it will take no action as to any of the named defendants at this time.  Plaintiffs are reminded that their amended complaint will supersede the original complaint and will be the only complaint this Court reviews.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

---

[1]"[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

**IT IS FURTHER ORDERED** that plaintiffs shall file an amended complaint within thirty (30) days from the date of this Order, in accordance with the specific instructions set forth above.

    /S/  David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 12, 2013.