**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| VICTORIA WHITTINGTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:13 CV 16 DDN |
| ) | |
| MARK ISGRIG, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This action is before the court on the motions of defendants Mark Isgrig, George Lombardi, Angela Mesmer, formerly known as Angela Pearl, and Patricia Cornell to dismiss the claims of plaintiffs Victoria Whittington and Maegen Bright. (Docs. 24, 27, 34.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 38.) The court heard oral argument on August 26, 2013.

**I. BACKGROUND**

On February 2, 2013, plaintiffs Victoria Whittington and Maegen Bright commenced this action against defendants Mark Isgrig, in his individual and official capacity, George Lombardi, in his official capacity, Angela Mesmer, formerly known as Angela Pearl, and Patricia Cornell. (Doc. 1.) On April 11, 2013, plaintiffs amended their complaint. (Doc. 5.)

According to the complaint, the following occurred. Plaintiffs were prisoners in the custody of the Women's Eastern Reception, Diagnostic, and Correctional Center in Vandalia, Missouri. (Id. at ¶ 4.) Defendant Mark Isgrig worked as an officer at the correctional facility. (Id. at ¶ 5.) Defendant George Lombardi works as the Missouri Director of the Department of Corrections. (Id. at ¶ 7.) Defendants Angela Mesmer and Patricia Cornell worked as the superintendents and supervised the correctional facility staff, including defendant Isgrig. (Id. at 13.)

From the approximate period of March 1 to June 22, 2011, defendant Isgrig, in the course of his employment, touched plaintiffs' breasts through their clothing without consent for the purpose of sexual gratification. (Id. at ¶¶ 8, 10.) Prior to this period, inmates complained about defendant Isgrig and other employees on multiple occasions. (Id. at ¶ 14.) On January 27, 2012, Defendant Isgrig plead guilty to two counts of third degree assault. (Id. at ¶ 12); State v. Isgrig, Case No. 11AU-CR00560-01.[1]

Plaintiffs allege outrageous conduct against defendant Isgrig. (Doc. 5 at 5-6, 15-16.) Plaintiffs further allege under 42 U.S.C. § 1983 violation of their right against cruel and unusual punishment against defendant Isgrig, failure to train against defendants Isgrig and Lombardi, failure to protect or use adequate procedures against deliberate indifference against defendants Lombardi, Mesmer, and Cornell, and failure to protect or use adequate procedures against reckless indifference or gross negligence against defendants Lombardi, Mesmer, and Cornell. (Id. at 4-15, 17-24.) Plaintiffs each seek actual damages in an amount in excess of $400,000, punitive damages, reasonable attorney fees, and costs. (Id. at 4-24.)

## II. MOTION TO DISMISS

Defendant Isgrig moves to dismiss, arguing that plaintiffs failed to exhaust administrative remedies as required by the Prison Litigation Reform Act. Defendant Isgrig also argues that the statute of limitations as set forth in Mo. Rev. Stat. § 516.145 bars plaintiffs' claims of outrageous conduct. Plaintiff responds that, because they are no longer prisoners, the Prison Litigation Reform Act does not apply. Alternatively, plaintiffs respond that they have satisfied the exhaustion requirements. (Docs. 24, 39.)

Defendants Lombardi, Mesmer, and Cornell move to dismiss claims against their official capacities, arguing that official capacity claims are not cognizable under 42 U.S.C. § 1983. (Docs. 27, 34.) At the August 26, 2013 motion hearing, counsel for plaintiff stated that he did not contest these motions.

---

[1] The court takes judicial notice of defendant Isgrig's guilty plea from Case.net, http://www.courts.mo.gov/casenet/. See Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003) ("[Courts] may take judicial notice of public records and may thus consider them on a motion to dismiss.").

### III. MOTION TO DISMISS STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint.  See Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010); Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).  To survive a 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555.  Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### IV. DISCUSSION

Defendant Isgrig moves to dismiss, arguing that plaintiffs failed to exhaust administrative remedies as required by the Prison Litigation Reform Act and that the statute of limitations as set forth in Mo. Rev. Stat. § 516.145 bars plaintiffs' claims of outrageous conduct.  Defendants Lombardi, Mesmer, and Cornell move to dismiss claims against their official capacities, arguing that official capacity claims are not cognizable under 42 U.S.C. § 1983.

**A. Prison Litigation Reform Act**

The Prison Litigation Reform Act of 1995 "addresses actions involving prison conditions."  Johnson v. Jones, 340 F.3d 624, 626 (8th Cir. 2003).  The Act requires exhaustion of administrative remedies as a prerequisite for actions under federal law by prisoners confined in any correctional facility.  42 U.S.C. § 1997e(a).  "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits."  Porter v. Nussle, 534 U.S. 516, 524 (2002). Under the Act, failure to exhaust administrative remedies is an affirmative defense that must be shown by defendants and does not defeat subject matter jurisdiction.  Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001).

The Act defines prisoners, in part, as "any person incarcerated or detained in any facility."  42 U.S.C. § 1997e(h).  According to plaintiffs, they are no longer confined in any

facility.[2]  (Doc. 39 at 2.)  "[T]he exhaustion requirement does not apply to plaintiffs who file § 1983 claims after being released from incarceration."  Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005).

Plaintiffs admit that they were incarcerated on the date they filed the complaint.  (Doc. 39 at 6.)  Language from the Supreme Court and Eighth Circuit arguably suggests dismissal.  See Porter v. Nussle, 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted"); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory.").  However, these cases do not squarely contemplate the issue before the court.  Nor would dismissal further the objectives of the exhaustion requirement.  See Doe By & Through Doe v. Washington Cnty., 150 F.3d 920, 924 (8th Cir. 1998).  Rather, plaintiffs could defeat defendant's motion by simply refiling their complaint.  Accordingly, defendant Isgrig's motion to dismiss for failure to exhaust administrative remedies is denied.

**B. Outrageous Conduct**

Defendant Isgrig also argues that the statute of limitations as set forth in Mo. Rev. Stat. § 516.145 bars plaintiffs' claims of outrageous conduct.  The statute reads:

> Within one year: all actions brought by an offender, as defined in section 217.010, against the department of corrections or any entity or division thereof, or any employee or former employee for an act in an official capacity, or by the omission of an official duty.

Mo. Rev. Stat. § 516.145.  Defendant bases his argument on the time that has elapsed between June 22, 2011, the last date of alleged touching, and April 11, 2013, the date plaintiffs filed the amended complaint.

The statute by its own terms applies solely to actions brought against the official capacities of Missouri Department of Corrections employees or former employees.  Here, plaintiff alleges outrageous conduct against defendant Isgrig in both his individual and official

---

[2] At the motion hearing, counsel for defendant Isgrig indicated that he received no notice of plaintiffs' release.  The court notes that the burden to show exhaustion of administrative remedies under the Act rests with defendant Isgrig and that plaintiffs need not plead facts negating affirmative defenses to satisfy the pleading standard set forth in Twombly and its progeny.

capacity.  (Doc. 5 at ¶¶ 5, 24-27.)  With respect to the claim of outrageous conduct against defendant Isgrig's official capacity, defendant's motion is sustained.[3]

**C. Official Capacity**

Defendants Lombardi, Mesmer, and Cornell move to dismiss claims against their official capacities, arguing that claims against official capacities are not cognizable under 42 U.S.C. § 1983.  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  Plaintiffs bring action against defendant Lombardi in his official capacity.  Although the complaint does not clearly state the capacities in which defendants Mesmer and Cornell are sued, at the motion hearing, counsel for plaintiffs represented their intent to sue defendants Mesmer and Cornell in their individual capacities.  Further, as mentioned above, plaintiffs bring the action against defendant Isgrig in both his individual and official capacities.  Accordingly, the court dismisses plaintiffs' § 1983 claims against defendant Lombardi and defendant Isgrig in their official capacities.  Further, the court dismisses plaintiffs' § 1983 claims against defendants Mesmer and Cornell to the extent that the claims are against their official capacities.

## V. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant Mark Isgrig to dismiss (Doc. 24.) is sustained in part and denied in part.  The court dismisses plaintiffs' claims against defendant Mark Isgrig in his official capacity.

**IT IS FURTHER ORDERED** that the motion of defendants George Lombardi and Patricia Cornell to dismiss (Doc. 27) is sustained.  The court dismisses plaintiffs' claims against defendants George Lombardi and Patricia Cornell in their official capacities.

---

[3] The court notes that, although a textual argument similar to that in the section above could also be made for Mo. Rev. Stat. § 516.145, the purpose of statutes of limitations differs significantly from the purpose of the exhaustion requirement.  See Butler v. Carpenter, 163 Mo. 597, 63 S.W. 823, 825 (1901) ("The purpose of [statutes of limitations] is to quiet the assertion of old, stale, and antiquated demands").  A determination that the relief afforded by Mo. Rev. Stat. § 516.145 is merely temporary would not fulfill its purpose.

**IT IS FURTHER ORDERED** that the motion of defendant Angela Mesmer to dismiss (Doc. 34) is sustained.  The court dismisses plaintiffs' claims against defendant Angela Mesmer in her official capacity.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 6, 2013.