UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| VICTORIA WHITTINGTON and<br>MAEGEN BRIGHT, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 2:13 CV 16 DDN |
| MARK ANTHONY ISGRIG,<br>ANGELA PEARL, and<br>PATRICIA CORNWELL, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Before the court is the motion of plaintiffs under F. R. Civ. P. 20 to add Sondra Loness as a plaintiff. (Doc. 70.)

Plaintiff argues that Ms. Loness's claim is that she, like plaintiffs Whittington and Bright, was sexually assaulted at the Vandalia Women's Prison by defendant Isgrig, in violation of her federally protected civil rights. (Id.)

Defendants argue that this motion comes too late, because the deadline for adding parties was November 13, 2013, and the discovery closing date is November 21, 2014. Further,

For adding plaintiffs, Rule 20 requires (a) that the new party's claim arise "out of the same transaction, occurrence, or series of transactions or occurrences," and (b) involve questions of law and fact common to all the plaintiffs. F. R. Civ. P. 20(a)(1). Plaintiffs have shown that the described claim of Ms. Loness involves a question of law common to their claims, i.e., the violation of their federally protected civil rights due to the acts of defendant Isgrig. And her claim, as described by plaintiffs, would involve a common issue of fact, i.e., whether defendant Isgrig acted with Ms. Loness as he is

alleged to have acted with the present plaintiffs. These considerations comply with Rule 20(a)(1)(B), but not the identity required by Rule 20(a)(1)(A).

Plaintiffs have not shown that Ms. Loness's claim arises out of the *same* occurrence or transaction, or series of such, that gave rise to their claims. F. R. Civ. P. 20(a)(1)(A). At best, plaintiffs have shown that Ms. Loness's claim arises from a similar occurrence or series of events, but not the same one. Whether Ms. Loness's claim is part of the same "transaction" in which the present plaintiffs' claims occurred requires consideration of whether the claims are "logically related." In re Prempro Products Liability Litigation, 591 F.3d 613, 622-23 (8th Cir. 2010). The record before the court indicates only that Ms. Loness's claim is based on the same law and involves the same defendant actor. Defendants argue that neither of the present plaintiffs has testified that defendant Isgrig's actions with them involved Ms. Loness. (Doc. 71.)

Plaintiffs have not shown entitlement under Rule 20 for the joinder of Ms. Loness's claim. This is not to say that her claim would not qualify for joinder with more information about it. The court will deny the motion to add Ms. Loness's claim without prejudice. Plaintiffs may refile the motion with a proposed amended complaint that demonstrates entitlement to joinder. Nelson v. Rosenbloom, 2008 WL 554300 (E.D. Mo. 2008).

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiffs to add the claim of Sondra Loness (Doc. 70) is denied without prejudice. Plaintiffs may have 21 days to renew this motion with a proposed amended complaint attached.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 16, 2014.