UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| VICTORIA WHITTINGTON, <br> MAEGEN BRIGHT, <br> SONDRA LONESS, and <br><br> Plaintiffs, <br><br> v. <br><br> MARK ANTHONY ISGRIG, <br> GEORGE LOMBARDI, and <br> ANGELA PEARL, now known as <br> ANGELA MESMER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 2:13 CV 16 DDN |

## MEMORANDUM AND ORDER

This action is before the court on the motion of defendants Mark Isgrig, George Lombardi, and Angela Mesmer, previously known as Angela Pearl, to partially dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) and 12(f). (Docs. 80, 82.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 38.)

Pending is the second amended complaint in which plaintiffs Victoria Whittington, Maegen Bright, and Sondra Loness have filed claims against defendants Mark Isgrig, George Lombardi, and Angela Mesmer. (Doc. 75.) According to the second amended complaint, the following occurred. Plaintiffs were prisoners in the custody of the Missouri state Women's Eastern Reception, Diagnostic, and Correctional Center in Vandalia, Missouri. Defendant Mark Isgrig worked there as a correctional officer. Defendant George Lombardi is Director of the Missouri Department of Corrections. Defendant Angela Mesmer worked there a superintendent and supervised the correctional officers, including defendant Isgrig.

From approximately February 1 to June 22, 2011, defendant Isgrig, in the course of his employment as a correctional officer, touched the three plaintiffs' breasts through their clothing, without their consent, for the purpose of his sexual gratification. Prior to this period, inmates had complained about defendant Isgrig and other employees on multiple occasions. On January 27, 2012, defendant Isgrig pled guilty to two counts of third degree assault. (Id. at ¶ 12, 95); State v. Isgrig, Case No. 11AU-CR00560-01.[1]

In enumerated counts, plaintiffs allege 28 claims for relief against defendants under federal law and Missouri state law. They seek substantial actual damages, punitive damages, attorney fees, and costs. (Id. at 4-35.)

Defendants Lombardi and Mesmer move to dismiss plaintiffs' claims against them in their official capacities, arguing that 42 U.S.C. § 1983 does not recognize a claim against someone in his or her official capacity. (Doc. 80.) Defendant Isgrig moves to dismiss plaintiffs' claims in Counts 23 to 29, because they are identical to their claims in Counts 16 to 22. (Doc. 83.) Plaintiffs have not opposed these motions.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint. See Carton v. Gen. Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555. The pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[1] The court takes judicial notice of defendant Isgrig's guilty plea from Case.net, http://www.courts.mo.gov/casenet/. See Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003) ("[Courts] may take judicial notice of public records and may thus consider them on a motion to dismiss.").

**Official Capacity**

Defendants Lombardi and Mesmer move to dismiss the claims against them in their official capacities, arguing that claims against state officials in their official capacities are not cognizable under 42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Plaintiffs allege claims against defendant Lombardi in his official and individual capacities. (Doc. 75 at ¶¶ 7, 29, 65, 112.) Although the complaint does not clearly state the capacities in which defendant Mesmer is sued, plaintiffs incorporated all previous paragraphs into their allegations against Mesmer, including the ones indicating an intent to sue all defendants in both their individual and official capacities. (Id. at ¶¶ 33, 38, 43, 69, 74, 79, 85, 116, 121, 126, 132.) Plaintiffs seek relief against defendant Isgrig in both his individual and official capacities. (Id. at ¶¶ 5, 29, 65, 112.)

Accordingly, the court dismisses plaintiffs' federal § 1983 claims against any defendant in his or her official capacity.

**Identical Claims**

Defendant Isgrig moves to dismiss plaintiffs' redundant claims under Fed. R. Civ. P. 12(f). A district court has "liberal discretion" to strike redundant allegations, while considering that striking a party's pleadings is an extreme measure and is generally viewed with disfavor. Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). The court agrees that the claims of plaintiff Loness against defendants in Counts 16 to 22 are identical to the claims in Counts 23 to 29 (Compare Doc. 75 at 25-35 with 35-45.) There are no new facts or claims alleged in Counts 23 to 29. Therefore, they are redundant and are dismissed.

**Claims remaining for litigation**

The claims of plaintiffs that remain for litigation are:

        (a)     Plaintiff Victoria Whittington's claims

(1) Count 1 -- against defendant Isgrig under § 1983 for violation of the Eighth Amendment prohibition against Cruel and Unusual Punishment;

(2) Count 2 -- against defendant Isgrig under Missouri common law for outrageous conduct;

(3) Count 3 -- against defendants Isgrig and Lombardi under § 1983 for violation of the Eighth and Fourteenth Amendments for failure to train;

(4) Count 4 -- against defendants Lombardi and Mesmer under § 1983 for violation of the Fourteenth Amendment for failure to protect;

(5) Count 5 -- against all defendants under § 1983 for a violation of the Fourteenth Amendment for failure to train;

(6) Count 6 -- against defendants Lombardi and Mesmer under § 1983 for violation of the Fourteenth Amendment for deliberate indifference to using adequate procedures; and,

(7) Count 7 -- against defendants Lombardi and Mesmer under § 1983 for violation of the Fourteenth Amendment for reckless indifference and/or gross negligence to using adequate procedures;

        (b)     Plaintiff Maegen Bright's claims

(8) Count 8 -- against defendant Isgrig under § 1983 for violation of the Eighth Amendment prohibition against Cruel and Unusual Punishment;

(9) Count 9 -- against defendant Isgrig under Missouri common law for outrageous conduct;

(10) Count 10 -- against defendants Isgrig and Lombardi under § 1983 for violation of the Eighth and Fourteenth Amendments for a failure to train;

(11) Count 11 -- against defendants Lombardi and Mesmer under § 1983 for violation of the Fourteenth Amendment for failure to protect;

(12)    Count 12 -- against all defendants under § 1983 for violation of the Fourteenth Amendment for failure to train;

(13)    Count 13 -- against defendants Lombardi and Mesmer under § 1983 for violation of the Fourteenth Amendment for deliberate indifference to using adequate procedures; and,

(14)    Count 14 -- against defendants Lombardi and Mesmer under § 1983 for violation of the Fourteenth Amendment for reckless indifference and/or gross negligence to using adequate procedures;

(c)     Plaintiff Sondra Loness' claims

(15)    Count 16[2] claims -- against defendant Isgrig under § 1983 for violation of the Eighth Amendment prohibition against Cruel and Unusual Punishment;

(16)    Count 17 -- against defendant Isgrig under Missouri common law for outrageous conduct;

(17)    Count 18 -- against defendants Isgrig and Lombardi under § 1983 for violation of the Eighth and Fourteenth Amendments for a failure to train;

(18)    Count 19 -- against defendants Lombardi and Mesmer under § 1983 for violation of the Fourteenth Amendment for failure to protect;

(19)    Count 20 -- against all defendants under § 1983 for violation of the Fourteenth Amendment for failure to train;

(20)    Count 21 -- against defendants Lombardi and Mesmer under § 1983 for violation of the Fourteenth Amendment for deliberate indifference to using adequate procedures; and,

(21)    Count 22 -- against defendants Lombardi and Mesmer under § 1983 for violation of the Fourteenth Amendment for reckless indifference and/or gross negligence to using adequate procedures.

---

[2] Count 15 in the second amended complaint is not a claim, but rather a recitation of the alleged facts applicable to plaintiff Loness. (Doc. 75 ¶¶ 91-101.)

The jury trial of this action remains set for July 13, 2015, at 9:00 a.m. in Hannibal. The final pretrial conference is set for July 6, 2015, at 10:00 a.m. in St. Louis.

## **CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that that the motion of defendants George Lombardi and Angela Mesmer to dismiss (Doc. 80) is sustained. All claims against any defendant under 42 U.S.C. § 1983 in the respective defendant's official capacity are dismissed.

**IT IS FURTHER ORDERED** that the motion of defendant Mark Isgrig to dismiss (Doc. 82) is sustained, in that Counts 23 to 29 are dismissed with prejudice as redundant.

           /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 19, 2015.